WOOD BALMFORTH LLC
Mary Anne Q. Wood (#3539)
Aaron M. Pacini (#13829)
60 E. South Temple, Suite 500
Salt Lake City, Utah  84111
Telephone:  (801) 366-6060
Facsimile:  (801) 366-6061
mawood@woodbalmforth.com
apacini@woodbalmforth.com

*Attorneys for Plaintiff*

---

### UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEFANO VACCARONO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MERLIN FISH, BERT WONNACOTT, BRENNER ADAMS, and RYAN FISH, as individuals,<br><br>    Defendants. | ***MOTION AND MEMORANDUM TO COMPEL MERLIN FISH, BERT WONNACOTT, AND RYAN FISH'S DISCOVERY RESPONSES AND FOR SANCTIONS***<br><br>Case No. 2:14-cv-00306-TS<br><br>Judge Ted Stewart |

Plaintiff Stefano Vaccarono ("Mr. Vaccarono"), by and through counsel, and pursuant to Rule 37(a)(3)(B)(iv) and Rule 37(a)(4) of the Federal Rules of Civil Procedure, and DUCivR 37-1, hereby files his *Motion and Memorandum to Compel Merlin Fish, Bert Wonnacott, and Ryan Fish's Discovery Responses* to compel Merlin Fish, Bert Wonnacott, and Ryan Fish (collectively, the "Fish Parties") to respond to Mr. Vaccarono's discovery requests and for sanctions.  Specifically, Mr. Vaccarono seeks an order compelling the Fish Parties to (1) submit full responses to Mr. Vaccarono's Interrogatories Nos. 1-9 with a proper verification, as asked;

(2) produce all documents responsive to Mr. Vaccarono's Request Nos. 1-4; (3) deem Mr. Vaccarono's Requests for Admissions as admitted without qualification; (4) deem the Fish Parties' claims of privilege waived; and (5) reimburse Mr. Vaccarono for the costs incurred in connection with the filing of this motion, including reasonable attorney fees. The Court should grant this motion because the Fish Parties have failed to supplement their discovery production after meeting and conferring with Mr. Vaccarono, and for also failing to update Mr. Vaccarono as to the supplemental production when asked.

## STATEMENT SHOWING COUNSEL'S ATTEMPTS TO OBTAIN DISCOVERY WITHOUT COURT ACTION

Before filing a motion to compel, a party must confer in good faith with the opposing party to attempt to obtain the discovery without court action. Fed. R. Civ. P. 37(a). In addition, DUCivR 37-1(a) requires counsel for the moving party to state that the attorney has "made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion. Such statement must recite, in addition, the date, time, and place of such consultation and the names of all participating parties and attorneys." In this case, Mr. Vaccarono's counsel met and conferred with the Fish Parties' counsel on February 2, 2015, at approximately 10:20 am and granted the Fish Parties their requested extension to supplement their responses until February 16, 2015. The Fish Parties, nevertheless, have failed to supplement their responses or otherwise address the deficiencies addressed, below. Mr. Vaccarono followed up with the Fish Parties on February 20, 2015. The request for an update was ignored. Mr. Vaccarono, therefore, made a reasonable attempt to obtain the discovery without court action. *See* Pacini Statement (attached hereto as Ex. 1).

## FACTS

### Initial Disclosures

1.      Pursuant to the Court's scheduling order, initial disclosures were due October 14, 2014. Doc. 24.

2.      On October 30, 2014, the Fish Parties served their initial disclosures on Mr. Vaccarono, stating that "[t]hese documents will be made available for inspection and copying upon reasonable notice at the offices of Defendant's counsel."  Initial Disclosures of Merlin Fish, Bert Wonnacott, and Ryan Fish ("Fish Parties' Initial Disclosures") (attached hereto as Ex. 2).

3.      On November 12, 2014, Mr. Vaccarono requested that the Fish Parties produce their documents in native format.  Pacini Nov. 12, 2014 email (attached hereto as Ex. 3).

4.      On November 13, 2014, Mr. Vaccarono received 19 documents in PDF format.

5.      On November 13, 2014, the Fish Parties also stated that they were not yet able to retrieve emails, but would provide them as soon as they were received.  Henrie Nov. 13, 2014 email (attached hereto as Ex. 4).

6.      The Fish Parties have never produced these documents, and have produced no documents in native format.

### Discovery Requests

7.      On December 16, 2014, Mr. Vaccarono served the Fish Parties, through their attorney of record, *Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Merlin Fish, Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Bert Wonnacott,* and *Plaintiff's First Set of Interrogatories, Requests for Production of Document and*

*Things, and Requests for Admissions to Ryan Fish* ("Pl.'s Requests to Fish Parties") (attached hereto as Ex. 5).

8.  Mr. Vaccarono's discovery requests to the Fish Parties required production of documents in native format.  Pl.'s Requests to Fish Parties 7, ¶ 6.

9.  Mr. Vaccarono's discovery requests also requested all documents "that were identified in Your Rule 26 initial disclosures to the extent that the same have not been previously produced."  Pl.'s Requests to Fish Parties 9, ¶ 2.

10.  The Fish Parties' responses were due January 20, 2015.

11.  On January 21, 2015, the Fish Parties responded with *Merlin Fish's Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Merlin Fish; Bert Wonnacott's Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Bert Wonnacott;* and *Ryan Fish's Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Ryan Fish* (collectively, the "Fish Parties' Responses") (attached hereto as Ex. 6).

12.  On that same date, Mr. Vaccarono received 28 pages of PDFs from the Fish Parties.

13.  On January 27, 2015, Mr. Vaccarono sent the Fish Parties a letter by email outlining deficiencies in the Fish Parties' Responses and requesting a time later that week or early the next to meet and confer about Mr. Vaccarono's concerns (the "Letter").  Pacini Jan. 27, 2015 email (attached hereto as Ex. 7).

iv

14.     Counsel for Mr. Vaccarono and the Fish Parties met and conferred via telephone on February 2, 2015, at 10:20 a.m., to discuss the Fish Parties' deficient discovery responses. The Fish Parties did not dispute the concerns outlined in the Letter.  The Fish Parties also agreed to supplement their responses, but requested two additional weeks to do so.  Mr. Vaccarono granted this request. *See* Pacini Statement ¶ 16.

15.     On February 3, 2015, Mr. Vaccarono sent an email memorializing counsels' meet and confer and the two week extension.  Pacini Feb. 3, 2015 email (attached hereto as Ex. 8)

16.     The Fish Parties' supplemental responses were due, therefore, on February 16, 2015.

17.     The Fish Parties did not supplement their discovery responses.

18.     On February 20, 2015, Mr. Vaccarono sent an email requesting an update on the Fish Parties' supplemental responses and noting that their extension to supplement their responses had expired.  Pacini Feb. 20, 2015 email (attached hereto as Ex. 9)

19.     The Fish Parties did not respond to the request for an update.

20.     The Fish Parties have still not supplemented their discovery responses.

## **ARGUMENT**

The Rules state:

> A party seeking discovery may move for an order compelling an answer, designation, production or inspection.  This motion may be made if:
>
> . . .
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv)  a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civil P. 37(a)(3)(B)(iv).

In *Scull v. Mgmt. Training Corp.*, 2012 U.S. Dist. LEXIS 91613 *20 (D.N.M. June 28, 2012), the court held, "Rule 37 provides enforcement mechanisms for rule 34.  According to rule 37, if a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the Court to compel the opposing party to respond." *Id.* at *20; *see also Fine Line Distribs. v. Rymer Meats*, 1994 U.S. Dist. LEXIS 9730, * (N.D. Ill. July 15, 1994) ("If a party does not respond to a reasonable discovery request, the other party may then ask the court to compel a response under Rule 37(a).")  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(3).  Once the relevance of a discovery request is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004).

I.      THE FISH PARTIES HAVE FAILED TO SUPPLEMENT AS AGREED
        AFTER THE FEBRUARY 2, 2015 MEET AND CONFER AND HAVE
        OTHERWISE IGNORED MR. VACCARONO'S REQUEST FOR AN
        UPDATE.

Mr. Vaccarono and the Fish Parties met and conferred on February 2, 2015 regarding deficiencies in the Fish Parties' discovery responses.  Pacini Feb. 3 2015 email.  The Fish Parties did not dispute any of Mr. Vaccarono's concerns, as outlined in the Letter.  The Fish Parties did, however, request two extra weeks to supplement their discovery responses.  Mr. Vaccarono granted this request.  After the two weeks had passed, Mr. Vaccarono followed-up with the Fish Parties, asking for an update on their discovery responses.  This request for an update was ignored.  *See* Pacini Statement (attached hereto as Ex. 1).  Consequently, the Court should order the Fish Parties to supplement their discovery responses, as set forth below.

II.     THE FISH PARTIES' DISCOVERY RESPONSES ARE INSUFFICIENT.

"Motions to compel discovery under Fed. R. Civ. P. 37(a) must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate."  DUCivR 37-1(b).  Mr. Vaccarono's discovery requests to all of the Fish Parties are collectively attached hereto as Ex. 5.  The Fish Parties' Responses to the request are attached hereto as Ex. 6.

The Fish Parties' discovery responses are not proper for a number of reasons.  Mr. Vaccarono will succinctly set forth several global problems with their responses and then address the individual problems of each interrogatory, request for documents, or request for admission.

2

**A.  Global Deficiencies**

> **1.  The Fish Parties' Discovery Responses Are Not Under Oath.**

Pursuant to the Federal Rules of Civil Procedure, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Under federal law, a verification must, therefore, be "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

28 U.S.C.A. § 1746.

The Fish Parties' verifications are deficient for two reasons.

First, none of the Fish Parties' verifications substantially follow the federal form.  Rather, they all impermissibly state:

> . . . the facts set forth herein are based on [the Defendant's] personal knowledge and belief, or on information from various sources and people, no one of which has all such facts and information.  Such responses are prepared and verified on behalf of [the individual Defendant] and are true and correct to the best of his knowledge, information and belief.

Because the Fish Parties did not verify their answers on the basis of knowledge, information and belief, their verifications are not valid.  *See Deseret Mgmt. Corp. v. United States*, 75 Fed. Cl. 571, 574-75 (2007) (stating that the phrase "to the best of my knowledge" creates ambiguities and gives the responding party "convenient avenues of evasion"); *see also*, *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (stating that because declarant "swore to her answers, in part, based on information and belief rather than her

3

personal knowledge, she did not comply with Rule 33."); *Crump v. Prelesnik*, No. 1:10-CV-353, 2013 WL 1338027, at *3 n.2 (W.D. Mich. Feb. 13, 2013) *report and recommendation adopted as modified on other grounds,* No. 1:10-CV-353, 2013 WL 1337790 (W.D. Mich. Mar. 29, 2013), *aff'd* (Aug. 4, 2014) ("Because plaintiff did not differentiate between facts stated upon personal knowledge and facts stated upon information and belief, [the document] is not verified under 28 U.S.C. § 1746.") (citing *Tenneco Automotive Operating Company, Inc. v. Kingdom Auto Parts,* 410 Fed. Appx. 841, 848 (6th Cir.2010) (trial court could refuse to consider witness' declarations that did not specify which statements were made under information and belief and which were made from personal knowledge)).

Second, none of the Fish Parties' verifications are dated.

Consequently, the Fish Parties' discovery responses are not proper. The Court should compel the Fish Parties to resubmit their responses with proper verifications.

### 2.   The Fish Parties Claim of Attorney-Client Privilege Is Not Proper.

The Fish Parties objected to a number of Mr. Vaccarono's discovery requests, stating that "[a]ll other communications are attorney-client privileged." This objection is deficient. Mr. Vaccarono's instructions required:

> In the event that any document is subject to any claim of privilege (including work product), You shall furnish a list identifying each such document by:
>   i.   identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted;
>   ii.   describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;
>   iii.   identifying any and all attachments or enclosures appurtenant to such documents;
>   iv.   stating briefly the nature of the privilege asserted; and

4

v.      producing any non-privileged portions, attachments or enclosures to any such
privileged document, and identifying the portion(s) of the document to which
privilege is claimed.

Mr. Vaccarono's instructions are consistent with the Rules:

"When a party withholds information otherwise discoverable by claiming that the
information is privileged or subject to protection as trial-preparation material, the
party must:
    (i) expressly make the claim; and
    (ii) describe the nature of the documents, communications, or tangible things
    not produced or disclosed--and do so in a manner that, without revealing
    information itself privileged or protected, will enable other parties to assess
    the claim."

Fed. R. Civ. P. 26(b)(5).

Indeed, the burden to establish the privilege rests with the party resisting discovery.[1]

Thus, in such a case, the objecting party must provide a privilege log that includes:

(1) A description of the document explaining whether the document is a
memorandum, letter, e-mail, etc.; (2) The date upon which the document was
prepared; (3) The date of the document (if different from # 2); (4) The identity of
the person(s) who prepared the document; (5) The identity of the person(s) for
whom the document was prepared, as well as the identities of those to whom the
document and copies of the document were directed, "including an evidentiary
showing based on competent evidence supporting any assertion that the document
was created under the supervision of an attorney;" (6) The purpose of preparing
the document, including an evidentiary showing, based on competent evidence,
"supporting any assertion that the document was prepared in the course of
adversarial litigation or in anticipation of a threat of adversarial litigation that was
real and imminent;" a similar evidentiary showing that the subject of
communications within the document relates to seeking or giving legal advice;
and a showing, again based on competent evidence, "that the documents do not

---

[1] *F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 460 (1st Cir. 2000); citing *United States v. Construction
Prods. Research, Inc.,* 73 F.3d 464, 473 (2d Cir.1996).See also, *Natl. Educ. Training Group, Inc.
v. Skillsoft Corp.*, M8-85 (WHP), 1999 WL 378337 (S.D.N.Y. 1999); *Bulow v. von Bulow,* 811
F.2d 136, 144 (2d Cir. 1987); *Shamis v. Ambassador Factors Corp.,* 34 F.Supp.2d 879, 892
(S.D.N.Y.1999)

> contain or incorporate non-privileged underlying facts;" (7) The number of pages
> of the document; (8)The party's basis for withholding discovery of the document
> (i.e., the specific privilege or protection being asserted); and (9) Any other
> pertinent information necessary to establish the elements of each asserted
> privilege.

*In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 673 (D. Kan.
2005); *see also*, *C.T. v. Liberal Sch. Dist.*, No. 06-2093-JWL, 2007 WL 1536806, at *4
(D. Kan. May 24, 2007) (stating that the objecting party must identify the particular
privilege asserted "on a document-by-document basis.").

Consequently, it is the Fish Parties' burden to make an evidentiary showing based on

competent evidence, and cannot be "discharged by mere conclusory or *ipse dixit* assertions."

*Natl. Educ. Training Group, Inc. v. Skillsoft Corp.*, M8-85 (WHP), 1999 WL 378337 (S.D.N.Y.

1999); citing *von Bulow,* 811 F.2d at 146 *quoting In re Bonanno,* 344 F.2d 830, 833 (2d

Cir.1965).   A party's failure to produce the requisite information in a privilege log may result in

the waiver of any privilege.  *Jorling v. Anthem, Inc.*, 1:09-CV-0798-TWP-TAB, 2011 WL

3759189 (S.D. Ind. 2011) (citing *Petrovic v. City of Chi.,* No. 06–c–611, 2007 WL 2410336, *2

(N.D.Ill. Aug.21, 2007) ("Generally, the result of an inadequate privilege log is disclosure."));

*Mold–Masters Ltd. v. Husky Injection Molding Sys., Ltd.,* No. 01–C–1576, 2001 WL 1558303, at

*2 (N.D.Ill.Dec.6, 2001) ("If the description falls below this standard and fails to provide

sufficient information for the court and the party seeking disclosure to assess the applicability of

the attorney-client privilege . . . , then disclosure of the document is an appropriate sanction.").

The Fish Parties have not provided the requisite identifying information for privileged

material or any other privilege log.  The Court should compel the Fish Parties to produce

privileged documents and deem their repeated failure to respond to Mr. Vaccarono's request as a

waiver of privilege.

### 3.   The Fish Parties Have Failed to Provide Documents in Native Format.

Mr. Vaccarono's discovery request specifically requested that the Fish Parties produce documents in native format.  Pl's Requests to Fish Parties 7, ¶ 6.  This is consistent with the Court's scheduling order, where the parties agreed "to produce documents in native format unless otherwise agreed to."  *See* Doc. 24 2.  The Fish parties, however, have provided no documents in native format.

### 4.   The Fish Parties' Responses Misstate Mr. Vaccarono's Discovery Requests

The Fish Parties' restatements of Mr. Vaccarono's requests all inaccurately use the term "you" instead of Mr. Vaccarono's defined term "You."  *See* Pl's Requests to Fish Parties 2, ¶ 1. Mr. Vaccarono, therefore, requests the Court to compel the Fish Parties to respond to Mr. Vaccarono's defined term "You," which refer to the individual Fish Parties "together with any representative, agent, employee, owner, board member, officer, director, shareholder, or other entity or individual, affiliated, controlled, or otherwise related to [each Defendant], including but not limited to all predecessor and successor entities."

### B.   **The Fish Parties Answers to Mr. Vaccarono's Interrogatories Are Deficient.**

**INTERROGATORY NO. 1:** *Please identify any communication with other Defendants, and/or owners, members, investors, managers, officers, consultants, advisers, and/or employees of AquaPower, referring or relating to the marketing or sale of AquaPower ownership interests to Mr. Vaccarono, stating when and where each communication took place and a brief description of each communication.*

Mr. Wonnacott, Mr. Ryan Fish, and Mr. Merlin Fish all responded:

> *Defendant attended a meeting that was held in July of 2010 at the offices of AquaPower.  The other defendants and the Plaintiff attended the meeting.  The*

> *business of AquaPower was discussed generally and the potential for an*
> *investment by Plaintiff probably came up.*

The Fish Parties' responses are not adequate.  Mr. Vaccarono requests that the Fish Parties identify "communications," which "means any transmission, exchange, or making known of information or thoughts by oral, written, pictorial or other means, including but not limited to, letters, emails, text messages, facsimiles, correspondence, reports and publications, and shall include any means of conveying a message from one or more persons to one or more persons, and shall be given the broadest possible interpretation."  The Fish Parties should ensure that all such mediums are searched for responsive information.

Further, the request is not limited to events where Mr. Vaccarono was present.  Rather, it also includes "any communication with other Defendants, **and/or** owners, members, investors, managers, officers, consultants, advisers, **and/or** employees of AquaPower."  It is not believable that the Fish Parties do not have responsive information regarding "communications" with the listed parties and nonparties, other than the few noted instances when Mr. Vaccarono was participating in the communication.  The Court should compel the Fish Parties to make a complete response to this interrogatory and investigate all mediums of communications.

In addition, Mr. Wonnacott also stated:

> *On or about July 22, 2010, Defendant spoke with defendant Merlin Fish*
> *regarding the preparation of a Subscription Agreement for the Plaintiff.  All*
> *other communications are attorney-client privileged.*

In addition to the above, Mr. Wonnacott's response is insufficient because it does not specifically state the place of this meeting.  Furthermore, Mr. Wonnacott's claim of privilege without a privilege log, as explained *supra*, is improper and, therefore, waived.

Mr. Merlin Fish also added the following to his response:

> *On or about July 22, 2010, Plaintiff met with Defendant Merlin Fish at a recreational site at Deer Creek Reservoir near Heber City, Utah. The investment was discussed and on or about July 23, 2010, Plaintiff signed a Subscription Agreement for the investment. Also, during this time, Defendant Merlin Fish spoke with defendant Bert Wonnacott regarding the preparation of a Subscription Agreement for the Plaintiff. In connection with this response to discovery requests, communications via email are being produced which are self-explanatory. All other communications are attorney-client privileged.*

In addition to the inadequacies of Merlin Fish's response, as stated above, Mr. Merlin Fish also fails to identify the location of the July 23, 2010 meeting.  Mr. Merlin Fish's claim of privilege is also improper without privilege log.  And, as explained more fully below, Mr. Merlin's Fish production is also inadequate and not provided in native format.

**INTERROGATORY NO. 2:** *Please identify any document referring or relating to the marketing or sale of AquaPower ownership interests to Mr. Vaccarono, including but not limited to  materials referring to nanotechnology licensed, marketed, owned, controlled, invented, or otherwise used by AquaPower.*

Mr. Ryan Fish responded:

> *Defendant is aware Mr. Vaccarono viewed a power point presentation about AquaPower and its technologies.*

Mr. Merlin Fish and Mr. Wonnacott responded:

> *There is a subscription agreement between Mr. Vaccarono and AquaPower and Mr. Vaccarono's unit certificate. Mr. Vaccarono was also shown a power point presentation about AquaPower and its technologies.*

These answers are inadequate.  Mr. Vaccarono's instructions explain that "[t]he words 'all' and 'any' shall mean 'each and every' as well as 'any one.'"  The Fish Parties are, therefore, obligated to produce ***all*** responsive documents, including white papers, private placement or offering memoranda, etc..  Furthermore, the Fish Parties failed to produce the identified power

point presentation or otherwise "identify" this document.  Mr. Vaccarono's discovery requests require production of this document.

**INTERROGATORY NO. 3:** *Please identify persons that are or were ever owners, members, investors, managers, officers, consultants, advisers, and/or employees of AquaPower.*

Mr. Ryan Fish responded:

> *Defendant does not possess any such information.*

Mr. Ryan Fish's response is not credible.  He certainly is aware of the other of the Fish Parties' involvement with AquaPower, including his father Mr. Merlin Fish.  Mr. Ryan Fish, therefore, needs to give a more thoughtful and complete response to this interrogatory.  Mr. Merlin Fish and Mr. Wonnacott responded:

> *Information requested is proprietary to AquaPower and will be produced under agreement that it will be viewed by Plaintiff's attorneys only for purposes appropriately related to this litigation. Please advise if you want Defendant to produce an agreement for your consideration or if you have an agreement that you like to use for this purpose that we can review.*

The Fish Parties' objection is not proper.  Pursuant to DUCivR 26-2, a party may not refuse or otherwise fail to produce information based on the objecting party's desire for a protective order.  The Fish Parties must produce this information and properly designate each document as stated in the court's standing order.

**INTERROGATORY NO. 4:** *Please identify how Mr. Vaccarono's Investment was expended or otherwise used.*

Mr. Merlin Fish responded:

> *The proceeds from Mr. Vaccarono's investment were deposited into the general business operating account of AquaPower and used to conduct the business operations AquaPower.*

Mr. Merlin Fish's response is nonresponsive.  Mr. Vaccarono specifically asked the Fish Parties to "identify" how his Investment was expended.  Mr. Vaccarono also defined "identify" to "provide a brief description of the thing sufficient to support a request for production, including any names, numbers, markings, the substance of any statement or document or other identifying characteristics by which You understand the thing to be identified."  The answer "business operations" gives no identifying information, and is, therefore, improper obfuscation.

Mr. Wonnacott and Mr. Ryan Fish responded:

> *"Defendant has no knowledge with regard to Interrogatory No. 4."*

It is not credible that Mr. Wonnacott, as the current chief executive of the company, does not have this information.

> **INTERROGATORY NO. 6:** *Please state the search terms and the sources of information You searched to produce documents and information responsive to any of Mr. Vaccarono's discovery requests including, but not limited to, the specific computers, hard drives, servers, laptops, tablets, peripherals and/or smart phones searched.*

Mr. Merlin Fish responded:

> *Defendant searched his personal laptop computer for emails to and from himself and Mr. Vaccarono. Other documents were obtained by AquaPower's secretary.*

Mr. Wonnacott and Mr. Ryan Fish responded:

> *Documents were obtained by AquaPower's secretary. Defendant was not a source for any documents.*

The Fish Parties' answers to this request are grossly inadequate.  As explained above, Mr. Vaccarono's requests are not limited to communications between any of the Fish Parties or himself.  They also include communications between the Fish Parties, and the Fish Parties and nonparties.  In addition, Mr. Vaccarono refers the Fish Parties to the definition of

11

"communication" used in the discovery requests.  The Fish Parties must make a proper inspection of all these forms of communications.

The Fish Parties have also not stated what other personal or professional files, emails, databases, and other sources were checked for responsive documents.  The Fish Parties did not state the search terms used to find responsive documents.  And, inasmuch as the Fish Parties rely at all on the search of AquaPower's secretary, they are also required to include the search terms and sources of those searches.  The Fish Parties must correct these deficiencies.

**INTERROGATORY NO. 7:** *Please state the factual basis for every affirmative defense that You have asserted in this litigation.*

Mr. Wonnacott, Mr. Merlin Fish, and Mr. Ryan Fish all responded:

> *In response to Interrogatory No. 7, we assert the specific objections that the request is overbroad, unduly burdensome, and premature given that the parties only recently commenced fact discovery, and no depositions have yet been taken.*

The Fish Parties' responses are nonresponsive.  Pursuant to Rule 11(b), the Fish Parties', by filing their responsive pleadings in this matter, represented that their "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  Mr. Vaccarono's interrogatory requests the factual contentions underlying the Fish Parties' affirmative defenses at the time the affirmative defenses were made.  If the Fish Parties had no such factual grounds upon which to base their affirmative defenses, they should so state.

The following interrogatory was propounded only to Mr. Merlin Fish:

**INTERROGATORY NO. 9:** *Please identify any instance when You, and/or an entity managed, owned, or controlled by You, was threatened with litigation or sued for fraud.*

**RESPONSE:** *In the 4th Judicial District Court for the State of Utah, Civil No. 120100502, ARKTOS, LLC filed a lawsuit naming many defendants. Defendant Merlin Fish, AquaPower and approximately 13 separate companies that are subsidiaries of AquaPower were named as defendants. Fraud was one of the causes of action set forth in the lawsuit.*

Mr. Merlin Fish's response is incomplete. Mr. Vaccarono is aware that Mr. Merlin Fish and/or AquaPower is involved in litigation with Utah's Attorney General's office and the Utah Division of Securities. Mr. Merlin Fish must disclose all such litigations or threats of litigations.

The following additional Interrogatory was propounded to Mr. Wonnacott only:

**INTERROGATORY NO. 10:** *Please identify all documents referring or relating to any overdue balance on any of Your residences from January 1, 2010, until the present date.*

Mr. Wonnacott did not respond to this Interrogatory.

### C. The Fish Parties Answers to Mr. Vaccarono's Requests for Production Are Deficient.

**REQUEST NO. 1:** *Please produce any document that You reviewed or relied upon in preparing Your responses to the foregoing interrogatories, or that You identified in the foregoing interrogatories.*

The Fish Parties all responded:

*See responses to interrogatories and applicable objections.*

This is nonresponsive.

**REQUEST NO. 3:** *Please produce copies of all documents referring or relating to the effectiveness, or lack thereof, of nanotechnology licensed, marketed, owned, controlled, invented, or otherwise used by AquaPower, including but not limited to scientific studies, analyses, tests, and/or opinion papers.*

Mr. Merlin Fish and Mr. Wonnacott responded:

*Documents requested are proprietary to AquaPower and will be produced under agreement that they will be viewed by Plaintiff's attorneys only for purposes appropriate to this litigation. Please advise if you want Defendant to produce an*

> *agreement for your consideration or if you have an agreement that you like to use for this purpose that we can review.*

Pursuant to DUCivR 26-2, a party may not refuse or otherwise fail to produce information based on the objecting party's desire for a protective order.  The Fish Parties' objection and failure to produce these documents is not proper.  The Fish Parties must produce this information and properly designate each document as stated in the court's standing order.

**REQUEST NO. 4:** *Please produce copies of all contracts You signed with any of the parties in this litigation and/or AquaPower.*

Mr. Wonnacott, Mr. Merlin Fish, and Mr. Ryan Fish all responded:

> *There are none.*

It is not credible that none of the Fish Parties have any employment, membership, or other agreements with AquaPower.

### D. **The Fish Parties Answers to Mr. Vaccarono's Requests for Admission Are Deficient.**

As set forth above, the Fish Parties did not submit their responses to Mr. Vaccarono's requests for admission under oath.  The court should, therefore, deem the requests for admission admitted without qualification.

## III.   **THE COURT SHOULD AWARD MR. VACCARONO HIS FEES AND COSTS INCURRED IN BRINGING THIS MOTION TO COMPEL.**

The Rules provide:

> *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . .

Fed. R. Civ. P. 37(a)(5) (emphasis added).

Thus, an award of expenses is ***required*** even if the documents are produced after the motion to compel is filed.  *See also, In re Specs*, 2012 U.S. Dist. LEXIS 133316 at *5 (N.D. Cal., September 18, 2012) ("Rule 37 . . . authorizes sanctions in the form of an award of reasonable expenses, including attorneys' fees, in connection with the motions to compel.  Such an award of expenses is ***mandatory*** if requested discovery is provided after a motion to compel is filed, unless the moving party 'filed the motion before attempting in good faith to obtain the discovery . . . sought without court action; . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust.'" (*quoting* Rule 37(a)(5)(A)) (emphasis added).

The Fish Parties' deficient discovery responses and continued failure to supplement, after meeting and conferring with Mr. Vaccarono, have caused Mr. Vaccarono to pay fees and costs in bringing this motion to compel.  Consequently, the Court should order the Fish Parties and/or their attorneys to pay for Mr. Vaccarono's reasonable fees and costs incurred in bringing this motion to compel.

<u>**CONCLUSION**</u>

For the reasons stated herein, the Court should compel the Fish Parties to fully answer Mr. Vaccarono's interrogatories and requests for admission under oath and to produce all responsive documents to Mr. Vaccarono's requests for documents.  The Court should deem all requests for admission admitted without qualification.  The Court should deem all claims of privilege waived.  The Court should require the Fish Parties to properly respond to Mr. Vaccarono's discovery requests as asked, such as when Mr. Vaccarono refers to the defined term

"You."  The Court should further award Mr. Vaccarono fees and costs incurred in bringing this

motion.



DATED this 25th day of February, 2015.

WOOD BALMFORTH LLC


 /s/ Aaron M. Pacini
Mary Anne Q. Wood (#3539)
Aaron M. Pacini (#13829)
60 E. South Temple, Suite 500
Salt Lake City, Utah  84111
Telephone:  (801) 366-6060
Facsimile:  (801) 366-6061
mawood@woodbalmforth.com
apacini@woodbalmforth.com
*Attorneys for Plaintiff*

16

## INDEX OF EXHIBITS

Exhibit 1      DUCivR 37-1 Certification of Aaron Pacini

Exhibit 2      Fish Parties' Initial Disclosures

Exhibit 3      Pacini November 12, 2014 email

Exhibit 4      Henrie November 13, 2014 email

Exhibit 5      *Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Merlin Fish; Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Bert Wonnacott; and Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Ryan Fish*

Exhibit 6      *Merlin Fish's Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Merlin Fish; Bert Wonnacott's Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Bert Wonnacott; and Ryan Fish's Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions to Ryan Fish*

Exhibit 7      Pacini January 27, 2015 email

Exhibit 8      Pacini February 3, 2015 email

Exhibit 9      Pacini February 20, 2015 email

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 25, 2015, I filed with the Clerk of Court via the

CM/ECF System the foregoing *MOTION AND MEMORANDUM TO COMPEL MERLIN*

*FISH, BERT WONNACOTT, AND RYAN FISH'S DISCOVERY RESPONSES AND FOR*

*SANCTIONS* which sent notification to the following:

> Blake D. Miller
> miller@millertoone.com
> Deborah R. Chandler
> chandler@millertoone.com
> MILLER TOONE, P.C.
> 165 S. Regent Street
> Salt Lake City, UT  84111
>
> Gary R. Henrie
> grhlaw@hotmail.com
> 486 West 1360 North
> American Fork, UT  84003
>
> Brent D. Wride
> bwride@rqn.com
> RAY QUINNEY & NEBEKER
> P. O. Box 45385
> Salt Lake City, UT  84145-0385

/s/ Barbara Reissen _____

18